117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Musa CAMARA, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT,
Defendants-Appellees,
and
Ted BALL; Jan BONNER; Sterling GORDON; Bill HARKNESS;
Patricio HERNANDEZ; Rita KNECHT; Thomas LORENZEN; Dan
PEELMAN; Joseph SANDERS; John STAUGGARD; Jerry STEPHANS;
Rik VIOLANO; Commander Dan WATSON; Donna WILLIAMS; and
Chief Willie WILLIAMS, Defendants.
 No. 96-55959.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California; No. CV-94-04362-CBM(JK) Consuelo B. Marshall, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Musa Camara appeals the district court's summary judgment for the City of Los Angeles and the Los Angeles Police Department ("the City") in Camara's action alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, see Baqdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), we affirm.
 
 
 3
 Under section 1983, local governments may be held liable for constitutional injuries inflicted by officers pursuant to municipal policy, practice, or custom. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir.1996), cert. denied, 117 S.Ct. 1249 (1997). A local government may not be held liable, however, if there is no underlying constitutional injury. See Ouintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir.1996), cert. denied, 117 S.Ct. 972 (1997).
 
 
 4
 Here, the district court granted summary judgment in favor of the City and fifteen individual defendants on Camara's claims under 42 U.S.C. § 1981, 1983, and 1985. Camara appealed the summary judgment as to all claims against all defendants. This court subsequently granted Camara's motion to voluntarily dismiss his appeal as to the individual defendants under Federal Rule of Appellate Procedure 42(b). Consequently, all that remains of Camara's appeal is his section 1983 claim against the City.
 
 
 5
 Because Camara does not challenge the district court's holding that the individual defendants did not violate his federal constitutional rights, he has no constitutional injury upon which to premise his action against the City. See Ouintanilla, 84 F.3d at 355. Accordingly, the City is entitled to summary judgment. See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Camara's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3